**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Ricardo Santillan,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION 4:10-cv-02118** |
| | § | |
| | § | |
| **H.I.S.D** | § | |
| *Defendants.* | | |

**PLAINTIFF, RICARDO SANTILLAN'S AMENDED ORIGINAL COMPLAINT**
<u>**AND JURY DEMAND**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Ricardo Santillan hereinafter called Plaintiff, complaining of and about

Houston Independent School District, hereinafter called Defendant, and for cause of action

shows unto the Court the following:

**PARTIES AND SERVICE**

1.      Plaintiff Ricardo Santillan is a citizen of the United States and the State of

Texas and resides in Harris County, Texas.

2.      Defendant is the Houston Independent School District.

**JURISDICTION**

3.      The action arises under 42 USC 12101as hereinafter more fully appears.

**NATURE OF ACTION**

4.      This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct

unlawful employment practices on the basis of disability.

## CONDITIONS PRECEDENT

5.      All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

6.      Plaintiff sustained loss of vision while working for defendant. He was diagnosed with severe diabetic retinopathy and severe diabetic neuropathy he was also diagnosed with auto static hypotension. Even though plaintiff was still ready, willing and able to work, his condition required reasonable accommodation.

7.      Plaintiff requested simple reasonable accommodation that would have allowed him to function effectively at his job, in spite of his challenging medical condition. For example, Plaintiff requested that he sit down while instructing his students. Sandy Gaw, the School Principal constructively denied plaintiff's, informing plaintiff that since it was important for him to "supervise" the students, he will have to be on his feet.

8.      Due to the bright lights, combined with the glare of the sun were too penetrating to plaintiff's weak eyes, he requested for window blinds to blunt the impact of the sun rays and the glare that emanated from the overhead lights. Again, Sandy Gaw informed plaintiff that such accommodation would not be

granted. She then contacted higher authorities in the presence of plaintiff via her

blackberry. A response came back promptly, denying plaintiff's simple request for

window blinds.

9.      Plaintiff contacted Ana Perez, the specialist at the low vision center of the

University of Houston. Dr. Ana Perez; the Director of the low vision center who

wrote a letter to Ms. Morgan, the manager of Equal Employment Office of the

H.I.S.D explaining plaintiff's medical condition and the need for window blinds or

anything to reduce the glare from the sun and the lights. Again, defendant refused,

claiming that such a request was not tantamount to reasonable accommodation.

Further request that wires and other cords on the floor should be safely tucked away

or taped to the floor were denied.

10.     Plaintiff began to experience such intense back spasms that he had to use a

scooter to move around. Sandy Gaw turned to the School Nurse, Ms. Sandoval and

commented to her that plaintiff was most likely "faking it." Plaintiff needed to be close to

the restroom because he normally ingests water pills. He was stuck in the temporary

building where it would take some commute before he could get to the restroom.

11.     Due to plaintiff's incessant complaints of the lack of reasonable accommodation

both to the principal and to her superiors, Sandy Gaw started to retaliate against plaintiff

by writing him up and micro supervising him. Resultantly, the combination of the

bullying, retaliation and lack of reasonable accommodation by defendant caused

plaintiff's job performance to spiral, not because of he was incompetent, but as a

cumulative result of being subjected to professional torture any time he requested reasonable accommodation.

## AMERICANS WITH DISABILITY ACT

12.     Defendant, H.I.S.D intentionally engaged in unlawful employment practices involving Plaintiff because of his disability. Even though plaintiff was qualified to teach from first grade to sixth grade; he was made an ancillary instructor.

13.     Defendant, H.I.SD, intentionally discriminated against Plaintiff when he was removed from his position as a bilingual instructor. Had he continued to be a bilingual instructor, he would have earned an additional stipend of $3,000.00 a year. Because he a was removed from his bilingual position, he lost this stipend, instead, Sandy Gaw went ahead and hired new teacher to fill the bilingual position, while moving plaintiff to a non-bilingual position.

14.     Plaintiff came to the United States of America as a H1-B visa, which meant that he came to the U.S.A specifically as a bilingual instructor. As a result of Defendant's retaliatory act, plaintiff was exposed to loss of his job and possible deportation in that he was teaching a regular schedule while he was admitted to the United States of America for the specific purpose of instructing English and Spanish. In addition to that, defendant purposely decided not to renew his visa. By deciding to refuse renewing plaintiff's visa, defendant was effectively guaranteed to lose his job and be deported back to Mexico, even though defendant needed bilingual instructors. All these violations of the terms, conditions and privileges of employment are in violation of 42 U.S.C. Section 12112. The effect of these practices

has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

15. At all material times, Plaintiff was able to perform the essential functions of his position with accommodation. Plaintiff has a disability and has a record of a disability which substantially limits at least one major life activity? Plaintiff was discriminated against on the basis of his disability and record of a disability.

## DAMAGES

16. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. Lost income;

   b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

   c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

   d. All reasonable and necessary costs incurred in pursuit of this suit;

   e. Emotional pain;

   f. Expert fees as the Court deems appropriate;

   g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   h. Inconvenience;

      i.      Interest;

      j.      Loss of enjoyment of life;

      k.      Mental anguish in the past; and

      l.      Loss of benefits.

## SPECIFIC RELIEF

17.     Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

      a.      Prohibit by injunction the Defendant from engaging in unlawful employment practices; and

      b.      Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Ricardo Santillan, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By:  _____/s/ _____
John-Baptist A. Sekumade
Attorney-in-Charge
Texas Bar No. 24051589
Southern District Bar No: 620585
7324 SW Freeway,
Suite 910
Houston, Texas 770074
Tel. (832)582-7033
Fax. (832) 582-7028
Attorney for Plaintiff
Ricardo Santillan