UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICARDO SANTILLAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:10-cv-2118 |
| § | |
| SANDY J. GAW, and HOUSTON § | |
| INDEPENDENT SCHOOL DISTRICT, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Sandy J. Gaw's Motion to Dismiss (Doc. No. 7), and Defendant Houston Independent School District's ("HISD") Motion to Dismiss, or, Alternatively, Motion for More Definite Statement (Doc. No. 8.)

After considering the foregoing motions and the applicable law, the Court finds that Defendant Sandy J. Gaw's Motion to Dismiss (Doc. No. 7) must be denied as moot, and Defendant HISD's Motion to Dismiss, or, Alternatively, Motion for More Definite Statement (Doc. No. 8.) must be denied.

### I.    BACKGROUND

This case was originally filed *pro se* by Plaintiff Ricard Santillan ("Plaintiff" or "Santillan"). In his *pro se* original complaint, Santillan asserted several causes of action against Sandy J. Gaw ("Gaw") and HISD (collectively, "Defendants"). Santillan subsequently retained counsel and filed an amended complaint. (Doc. No. 14.)  For purposes of these motions to dismiss, we assume all facts alleged in Santillan's amended complaint are true.

Santillan worked for HISD as a bilingual school teacher. During the course of his employment, Santillan suffered a loss of vision and was diagnosed with severe diabetic

1

retinopathy, severe diabetic neuropathy, and auto static hypotension. As a result of these diagnoses, Santillan requested reasonable accommodations in the workplace from Gaw, the school principal. Specifically, Santillan asked that he be able to sit while instructing students, that wires and cords on the floor be tucked away or taped to the floor, and that window blinds to block the glare of the sun be installed. Gaw denied these requests. Santillan obtained a letter from Dr. Ana Perez, a specialist at the low vision center of the University of Houston. Dr. Perez explained that Santillan's medical condition necessitated window blinds or other accommodation to reduce the glare from the sun and overhead lights. Dr. Perez's letter was sent to the Manager of the Equal Employment Office of HISD. Defendant HISD refused to accommodate the request.

Santillan subsequently began to experience back spasms that were so intense he needed a scooter to move around. Gaw told a school nurse that Santillan was "faking it." Gaw began to bully Santillan, write him up, and micromanage him in retaliation for Santillan's complaints to Gaw and her superiors regarding the lack of reasonable accommodation.  In addition, Gaw removed Santillan from his position as a bilingual teacher and moved him to a position as a non-bilingual teacher. As a result, Santillan lost a stipend of $3,000.00 per year. In addition, Santillan's H1-B visa was contingent on his employment as a bilingual teacher. HISD refused to renew Santillan's visa. By losing his position as bilingual teacher and his H1-B visa, Santillan was at risk for losing his teacher position entirely and being deported to Mexico.

Santillan has asserted a cause of action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. Subsequent to the filing of Santillan's *pro se* original complaint, but prior to the filing of his amended complaint, Defendants Gaw and HISD moved to dismiss Santillan's complaint for failure to state a claim upon which relief can be granted. Santillan has not responded. The motions are ripe for disposition.

## II.     LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III.    ANALYSIS

### A.  Defendant Gaw's Motion to Dismiss

In her motion to dismiss, Gaw argues that Santillan's complaint is deficient in several respects. After the motion to dismiss was filed, Santillan amended his complaint and removed Gaw as a defendant in the action. Therefore, we need not address Gaw's motion to dismiss and, instead, deny it as moot.

### B.  Defendant HISD's Motion to Dismiss

In its motion to dismiss, HISD argues that Santillan's original complaint fails to plead viable claims under the ADA, under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 201 *et seq.*, and arising under "HISD Policies." Further, HISD argues that it is

3

immune from the intentional tort claims in Santillan's original complaint. In the alternative, HISD requests that Santillan be required to provide a more definite statement with respect to his ADA and FMLA claims.

After HISD filed its motion to dismiss, Santillan filed an amended complaint that asserted only claims under the ADA and omitted FMLA claims, HIPAA claims, intentional tort claims, and claims arising under "HISD Policies." Therefore, we deny as moot HISD's motion to dismiss and, in the alternative, motion for more definite statement insofar as they reference claims other than Santillan's ADA claims. We address below HISD's remaining arguments to dismiss Santillan's ADA claims.

### 1.      Failure to Accommodate

HISD argues that the conclusory statements in Santillan's original complaint are insufficient to state a claim for failure to accommodate a disability. To establish a *prima facie* case of discrimination based on failure to accommodate a disability, a plaintiff is required to show: (1) the employer is covered by the statute; (2) she is an individual with a disability; (3) she can perform the essential functions of the job with or without reasonable accommodation; and (4) the employer had notice of the disability and failed to provide accommodation. *See, e.g.*, *Mzyk v. North East Indep. Sch. Dist.*, 2010 U.S. App. LEXIS 20346, *6-*7 n.3 (5th Cir. Tex. Sept. 30, 2010) (citing *Bridges v. Dep't of Soc. Serv.*, 2001 WL 502797, *1 (5th Cir. Apr. 27, 2001)).

Since Santillan has amended his complaint after HISD's motion to dismiss was filed, we will examine the sufficiency of pleadings in the amended complaint. In it, Santillan alleges that he worked for HISD, an employer who engaged in unlawful employment practices because of Santillan's disability. Santillan alleges that he suffered from several medical conditions that

constituted a disability. The complaint further alleges that Santillan could perform his job as a bilingual teacher with reasonable accommodations in the form of window blinds, safety precautions, and permission to sit while teaching. Finally, Santillan claims that he asked Gaw and HISD's Manager of Human Resources to provide these accommodations to him and was refused. We find that these allegations are sufficient to state a claim for failure to accommodate a disability.

### 2.      Disability-Based Harassment

HISD argues that, to the extent that Santillan has alleged a disability-based harassment claim, he has failed to plead any severe or pervasive disability-based harassment that affected the terms and conditions of his employment. A plaintiff must establish the following elements in order to succeed on a claim of disability-based harassment:

> (1) that he belongs to a protected group; (2) that he was subjected to unwelcome harassment; (3) that the harassment complained of was based on his disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action.

*Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 235-236 (5th Cir. 2001). In addition, the disability-based harassment must "be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment." *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir. 1998).

Here, Santillan alleges that he suffers from certain medical conditions that constitute disabilities, thereby including himself in a protected group. Next, he alleges harassment in the form of Gaw's bullying, writing him up, and subjecting him to "professional torture." Santillan links Gaw's behavior to his complaints about his disabilities and her belief that he was not disabled. Santillan states that, as a result of Gaw's bullying and reprimands, he was removed

5

from his position as a bilingual teacher and HISD decided not to renew his visa. The non-renewal of his visa had the effect of exposing Santillan to loss of his HISD teacher job entirely and to deportation to Mexico. Finally, Santillan states that he complained about Gaw's behavior to Gaw herself and to her supervisors. We find that these allegations are sufficient to state a claim for disability-based harassment that is sufficiently pervasive and severe to alter the conditions of Santillan's employment and create an abusive working environment.

### 3. Adverse Employment Action

HISD argues that the Santillan's complaint does not allege an adverse employment action sufficient to state either an ADA discrimination claim or a retaliation claim. The Fifth Circuit historically has adopted a "narrow view of what constitutes an adverse employment action," including only actions that are "ultimate employment decisions" such as discharges, demotions, refusals to hire, refusals to promote, and reprimands. *Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000). In the context of retaliation, the Supreme Court has broadened the definition an "adverse employment action." It has held that an adverse employment action can be based on actions that "a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co v. White*, 548 U.S. 53, 68 (2006); *see also McCoy v. City of Shreveport*, 492 F.3d 551, 560 (5th Cir. 2007) (recognizing that *Breaux* remains controlling for Title VII discrimination claims while *Burlington* imposes the applicable standard for Title VII retaliation claims).

In his amended complaint, Santillan has alleged several acts that could constitute an adverse employment action. First, Santillan states that he was written up by Gaw, which we construe as a reprimand. Second, Santillan claims that he was removed from his position as a

bilingual teacher, thereby losing a $3,000.00 per year stipend. Third, Santillan alleges that HISD refused to renew his H1-B visa, effectively exposing him to loss of his teaching position entirely and to deportation. Refusal to renew a visa upon which an employee's continued lawful presence in the United States is dependent may have the effect of discouraging the employee from making or supporting a charge of discrimination. These allegations of reprimands and demotions are sufficient to state a claim for an adverse employment action in the discrimination context. In addition, the allegations of reprimands, demotions, and the refusal to renew a visa are sufficient to state a claim for an adverse employment action in the retaliation context.

### 4. Administrative Exhaustion

HISD argues that Santillan's original complaint should be dismissed because he failed to allege that he exhausted his administrative remedies prior to filing suit. The Fifth Circuit has held that a plaintiff, before commencing a civil action under the ADA in federal court, "must file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). Further, a plaintiff must file his federal action "within ninety days" after he has received a "right-to-sue" letter from the EEOC or state or local agency. *Id.*

Santillan's amended complaint includes a statement that he filed a charge of discrimination with the EEOC within three hundred days of the alleged unlawful acts and that the complaint has been filed within ninety days of Santillan's receipt of the EEOC's issuance of a right to sue letter. We find that this statement sufficiently alleges that Santillan exhausted his administrative remedies prior to filing suit.

## IV. CONCLUSION

For the reasons explained above, Defendant Sandy J. Gaw's Motion to Dismiss (Doc. No. 7) is **DENIED AS MOOT**. Defendant HISD's Motion to Dismiss, or, Alternatively, Motion for More Definite Statement (Doc. No. 8.) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas this the 7th day of March, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE